**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Eva KOMISAR, Defendant-Appellee.**

**No. 16555.**

United States Court of Appeals
Sixth Circuit.

Sept. 2, 1966.

Anthony Z. Roisman, Tax Division, Dept. of Justice, Washington, D. C., John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson, Joseph Kovner, Herbert Grossman, Attorneys, Department of Justice, Washington, D. C., on brief; James F. Neal, U. S. Atty., Thomas H. Shriver, Asst. U. S. Atty., Nashville, Tenn., of counsel, for appellant.

W. S. Hofstetter, Nashville, Tenn., of record on docket, for appellee.

Before PHILLIPS and EDWARDS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

McALLISTER, Senior Circuit Judge.

The issue in this case is whether a federal tax lien has priority over attorney's fees awarded to the mortgagee's attorney after the tax lien was recorded, as well as priority over insurance premiums paid by the mortgagee, after the filing of the federal tax lien.

The District Court entered judgment against the Government holding that the attorney's fee and insurance premiums had priority; and the Government appealed.

Many courts have been of the same view as the District Court in this case. See Equitable Life Assurance Society of the United States v. Bagin, 45 N.J. 206, 212 A.2d 25; and we might well have been inclined, from the standpoint of legal reasoning concerning attorney's liens and the insurance premium expenses, to follow the decision of the District Court.

However, United States v. The Equitable Life Assurance Society of the United States, 384 U.S. 323, 86 S.Ct. 1561, 16 L.Ed.2d 593, held to the contrary. There, the Court determined that, where the state law provided for the allowance in a foreclosure action of an attorney's fees fixed by statute as a certain percentage of the amount adjudged to be paid the mortgagee and taxed as costs in the action, a federal tax lien, filed before the mortgagor's default, was entitled to priority over the mortgagee's claim for the attorney's fees, even though the foreclosed mortgage itself was entitled to priority over the tax lien. In its decision, the Court said that, at the time the federal lien was recorded, the mortgage in question was not in default; no reference had been made to attorneys; no suit had been filed; nor had any sums been adjudged to be paid; and the statutory lien for attorney's fees was clearly inchoate.

In its opinion in the *Equitable* case, the Court referred to United States v. Pioneer-American Insurance Co., 374 U. S. 84, 83 S.Ct. 1651, 10 L.Ed.2d 770, where the question was whether "reasonable attorney's fees," provided for in a mortgage note, "in the event of default * * * and of the placing of this note in the hands of an attorney for collection, or this note is collected through any court proceedings," created a lien superior to that of a federal tax lien recorded after suit on the note was filed but prior to the actual fixing of the amount of attorney's fees. The Court held that, in such case, the federal lien was superior to the lien for attorney's fees and said that although the suit in which the attorney's fees were earned, was filed prior to the recording of the federal liens, the fees had not been incurred and paid, and could not be finally fixed in amount until after all of the federal liens had been filed; that the fees were inchoate, at least until that date; that they were undetermined and indefinite at the time the federal lien was recorded, and that the fees had not been reduced to a liquidated amount. The Court, in *Pioneer-American,* further emphasized that the "reasonable attorney's fees," similar to the provisions found in the contract in the instant case, had not been reduced to a liquidated amount.

In the *Equitable* case, the Court held that the statutory lien for attorney's fees was even more clearly inchoate than in the *Pioneer-American* case. The priority of each statutory lien must depend upon the time it attached to the property and became choate; and any costs arising after the filing of the federal tax are subordinate to the tax lien. United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520. Such costs as the expense of insurance premiums in the instant case, would, according to the tenor of the *New Britain* case, be subordinate to the lien for taxes.

It appears that none of the decisions of the Supreme Court on the subject were cited to the District Court on the trial of this case; and we are confident that if they had been, the court would have held otherwise.

In accordance with the foregoing, the judgment is reversed and the case remanded for entry of judgment consonant with this opinion.